UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X     **VERIFIED COMPLAINT**
CARMELA BONSIGNORE, Individually, and
As Administrator of The Estate of
JESSE J. BONSIGNORE,

                    PLAINTIFF,

    -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE     ***JURY TRIAL DEMANDED***
DEPARTMENT, Police OFFICER JAMES SKIDMORE,
Individually and in his official capacity,
JOHN DOES 1-5, Individually and in their
official capacity,

                    DEFENDANTS.
----------------------------------------X

     PLAINTIFF, CARMELA BONSIGNORE, Individually, and as
Administrator of the Estate of JESSE J. BONSIGNORE, by her
attorneys, Gabriele Marano, LLP, complaining of the DEFENDANTS,
and each of them, respectfully alleges upon information and belief
as follows:

### PRELIMINARY STATEMENT

     1.   PLAINTIFF brings this action for compensatory damages,
punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983,
42 U.S.C. § 1988, 42 USC 12131-12134, for violations of the civil
rights of the PLAINTIFF'S DECEDENT, JESSE J. BONSIGNORE, as said
rights are secured by said statutes and the Constitutions of the
State of New York and the United States.   PLAINTIFF is also
asserting supplemental state law tort claims.

### JURISDICTION

     2.   This action is brought pursuant to 42 U.S.C. § 1983 and

42 U.S.C. § 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. § 1331, § 1343 and § 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the district in which the claim arose.

## JURY DEMAND

5. PLAINTIFF respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## CONDITIONS PRECEDENT

6. Within ninety (90) days following the aforesaid incident, PLAINTIFF served upon the COUNTY OF SUFFOLK a Notice of Claim pursuant to Gen. Mun. Law 50-e. A demand was made and on February 14, 2022, a hearing was held pursuant to Gen Mun. Law 50-h. Accordingly, the conditions precedent specified by NY Gen Mun. Law have been satisfied.

## PARTIES

7. PLAINTIFF, CARMELA BONSIGNORE, Administrator of the Estate of JESSE J. BONSIGNORE, is a citizen of the United States, and was at all relevant times, a resident of the State of New York.

8. At all times mentioned herein, PLAINTIFF, CARMELA BONSIGNORE, was the daughter of DECEDENT, JESSE J. BONSIGNORE,

hereafter, DECEDENT.

9. DECEDENT was at all times a citizen of the United States and a resident of the County of Suffolk in the State of New York.

10. By Order of the Honorable Theresa Whelan, Surrogate of Suffolk County dated October 4, 2021, CARMELA BONSIGNORE was appointed Administrator of the Estate of JESSE J. BONSIGNORE.

11. CARMELA BONSIGNORE is the daughter and sole heir and distributee of the Estate of JESSE J. BONSIGNORE.

12. At all times mentioned herein, DEFENDANT, COUNTY OF SUFFOLK, was and still is a municipality, duly organized and existing under and by virtue of the laws of the State of New York.

13. At all times mentioned herein, the DEFENDANT, SUFFOLK COUNTY POLICE DEPARTMENT, was and still is an agency and/or department of DEFENDANT, COUNTY OF SUFFOLK.

14. At all times mentioned herein, DEFENDANT, COUNTY OF SUFFOLK, maintains the DEFENDANT, SUFFOLK COUNTY POLICE DEPARTMENT, a police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned COUNTY OF SUFFOLK.

15. At all times mentioned herein, DEFENDANT, COUNTY OF SUFFOLK AND THE SUFFOLK COUNTY POLICE DEPARTMENT, and each of them, through their police officers, agents, servants and/or employees, including Police OFFICER JAMES SKIDMORE, were acting under color

of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the County of Suffolk or the State of New York.

16. At all times mentioned herein, the individually named DEFENDANTS, POLICE OFFICER JAMES SKIDMORE AND JOHN DOES 1 through 5, were State Actors, duly sworn police officers of THE SUFFOLK COUNTY POLICE DEPARTMENT and/or were acting under the agency and/or supervision of said department and according to their official duties.

17. At all times mentioned herein, the DEFENDANTS, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the County of Suffolk and/or the State of New York.

18. Each and all of the acts of the DEFENDANTS alleged herein were done by said DEFENDANTS while acting within the scope of their employment by DEFENDANT COUNTY OF SUFFOLK.

19. Each and all of the acts of the DEFENDANTS alleged herein were done by said DEFENDANTS while acting in furtherance of their employment by DEFENDANT, SUFFOLK COUNTY POLICE DEPARTMENT.

## FACTS

20. JESSE J. BONSIGNORE was a young man, just 44 years old. He was father to CARMELA BONSIGNORE, son to Joyce Dovale and Michael Bonsignore and stepson to Tom Dovale. He was unflaggingly

devoted to his family and especially to his daughter, CARMELA BONSIGNORE.

21. JESSE BONSIGNORE was focused on working hard, earning a living and being the best father he could be to Carmela.

22. JESSE BONSIGNORE was a deeply religious and moral man who struggled with mental health issues.

23. JESSE BONSIGNORE was opposed to violence. He was musically talented and enjoyed singing and playing his guitar.

24. On May 20, 2021, JESSE BONSIGNORE was reposing in his car, which was parked in an empty lot alongside the road in a residential neighborhood and across the street from 67 Bauer Avenue, Manorville, New York, not far from his childhood home and the home of his mother.

25. There were no signs posted to indicate that parking in this area was in any way prohibited, and in fact it was not.

26. Upon information and belief, the residents at 67 Bauer Avenue called the police out of concern for the car, which was lawfully parked across the street from their home.

27. MR. BONSIGNORE was employed as an Uber driver and was resting in his car and place of business.

28. He was not engaged in illegal activity, was not armed and was not a threat to any person.

29. Upon information and belief, in the late evening of May 20, 2021, OFFICER JAMES SKIDMORE appeared on the scene and

confronted Mr. Bonsignore in his car.

30. Thereafter, and without justification or cause, OFFICER SKIDMORE seized and confined DECEDENT to and around his vehicle. OFFICE SKIDMORE then violently, brutally and viciously assaulted and battered MR. BONSIGNORE, inflicting physical injury upon him, evoking terror and fear, and, depriving MR. BONSIGNORE of his Constitutional rights.

31. OFFICER SKIDMORE then, without cause or justification, fired at least two gunshots, which struck MR. BONSIGNORE in the torso and neck, causing excruciating pain and suffering, and ultimately killing him. DECEDENT succumbed to his injuries after DEFENDANTS failed to provide life-saving interventions.

32. As a result of the conduct of the DEFENDANTS, the promise of a future with her father is forever lost to the PLAINTIFF.

33. As a result of the foregoing, DECEDENT was deprived of his civil rights.

34. As the result of the foregoing, DECEDENT sustained severe psychological and bodily injuries, including but not limited to, fear, terror, pain, suffering, shock, apprehension, anxiety, at least two gunshot wounds, fear of impending death and death.

35. At the aforesaid time and place, the DECEDENT was not engaging in unlawful behavior and was not a threat to any person.

36. At the aforesaid time and place the DECEDENT was not

armed.

37. As a result of the foregoing conduct of the DEFENDANTS, PLAINTIFF, CARMELA BONSIGNORE, was deprived of the comfort and guidance of her father and sustained personal harm and pecuniary injury.

38. Upon information and belief, the residents of 67 Bauer Avenue, Manorville NY, had a Ring Video, which was operating at the time and place of the event. Upon request of the SUFFOLK COUNTY POLICE DEPARTMENT, the Ring Video was turned over to them.

39. To date, PLAINTIFF has not been provided with a copy of the Ring Video due to DEFENDANTS' position that an investigation is ongoing.

40. An autopsy was conducted on the DECEDENT approximately one year ago. Despite several attempts to acquire a copy of the report from the Suffolk County Medical Examiner's Office, a copy of the autopsy report has been withheld from PLAINTIFF on the grounds that an investigation is ongoing.

41. PLAINTIFF has requested information regarding the disciplinary history of JAMES SKIDMORE, and information regarding whether OFFICER SKIDMORE was suspended or disciplined prior to or as a result of this incident. This information has been withheld from PLAINTIFF on the grounds that an investigation is ongoing.

42. PLAINTIFF's pain, suffering and grief has been exacerbated by DEFENDANTS' refusal to provide any information or

explanation as to how or why her father's life was summarily ended on May 20, 2021.

43. PLAINTIFF has been denied access to court proceedings and vital information and as a result lacks the information to prepare a full and proper complaint.

### FIRST CLAIM FOR RELIEF
### 42 USC § 1983 – FALSE ARREST

44. PLAINTIFF repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 43 of this Complaint as though fully set forth herein.

45. At the aforesaid time and place, DEFENDANTS, including OFFICER JAMES SKIDMORE, falsely arrested, falsely seized, falsely detained DECEDENT thus depriving him of his freedom. Said seizure was made without probable cause to hold and detain DECEDENT for any period of time.

46. Without such probable cause, DEFENDANTS, including OFFICER JAMES SKIDMORE, wrongfully detained DECEDENT in and around his vehicle for a period of time and kept him from leaving the custody of police.

47. The DEFENDANTS, including OFFICER JAMES SKIDMORE, knew that there was no probable cause to seize or detain DECEDENT at the time and place of such seizure and detention.

48. As a result of said seizure and/or detention, DECEDENT suffered great emotional and psychological harm, anxiety and

personal fear all due to the callous indifference of the DEFENDANTS, including OFFICER JAMES SKIDMORE.

49. By reason of the foregoing, PLAINTIFF has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

**SECOND CLAIM FOR RELIEF**
**42 USC § 1983 – FABRICATION OF EVIDENCE**

50. PLAINTIFF repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51. DEFENDANTS falsified records and fabricated evidence as it relates to the incident involving DECEDENT, which constituted violations of his constitutional rights. This conduct was intentional and malicious.

52. DEFENDANTS withheld evidence as it relates to the incident involving DECEDENT, which constituted violations of his constitutional rights. This conduct was intentional and malicious.

53. DEFENDANTS' accusations and allegations against DECEDENT are false, malicious, negligent, reckless, intentional and wrongful and were intended to cause injury to DECEDENT and to PLAINTIFF.

54. By reason of the foregoing, PLAINTIFF has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

### THIRD CLAIM FOR RELIEF
### 42 USC § 1983 – WITHHOLDING OF EVIDENCE-
### DENIAL OF ACCESS TO COURTS

55.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 54 as though fully set forth herein.

56.  Despite several attempts, PLAINTIFF has been unable to obtain a copy of the Autopsy report performed one year ago.

57.  Plaintiff has not been provided with the disciplinary history of JAMES SKIDMORE, nor has PLAINTIFF been able to learn whether Officer SKIDMORE was disciplined, suspended or terminated as a result of the foregoing events, despite requests for this information.

58.  PLAINTIFF has not been provided with a copy of the Ring Video that was confiscated by THE SUFFOLK COUNTY POLICE DEPARTMENT.

59.  Despite multiple requests, PLAINTIFF has not been provided with any information regarding the interaction between OFFICER SKIDMORE and DECEDENT on May 20, 2021.

60.  The withholding of evidence for one year and continuing constitutes an abuse of process and a violation of DECEDENT's civil rights and prevents plaintiff from formulating a proper and complete complaint.

61.  By reason of the foregoing, PLAINTIFF has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## FOURTH CLAIM FOR RELIEF
## 42 USC § 1983 – EXCESSIVE FORCE

62. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 61 of this Complaint as though fully set forth herein.

63. DEFENDANTS COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT and OFFICER JAMES SKIDMORE used excessive force against DECEDENT in violation of 42 USC § 1983. The use of deadly force was not warranted nor justified.

64. The unreasonable, unnecessary and excessive force used was far beyond any potential threat that might have been perceived by DEFENDANTS, including OFFICER JAMES SKIDMORE. As such, the force used against DECEDENT was negligent, reckless, unreasonable, and DEFENDANTS had a duty to not subject DECEDENT to vicious and unwarranted use of force, but failed to do so and breached their duty.

65. As a consequence of DEFENDANTS' use of excessive and unwarranted force, and violation of state and federal laws, DECEDENT was deprived of his freedom, was assaulted, battered, harmed, subjected to distress, great fear, including fear of impending death and was caused to die.

66. By reason of the foregoing, PLAINTIFF has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## FIFTH CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983
## MUNICIPAL LIABILITY

67. PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 66, with the same force and effect as if fully set forth herein.

68. All of the aforementioned acts of DEFENDANTS, and each of them, their police officers, agents, servants and employees, were carried out under the color of law.

69. All of the aforementioned acts deprived DECEDENT, JESSE J. BONSIGNORE, of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

70. The acts complained of were carried out by the aforementioned DEFENDANTS in their capacity as police officers, and/or employees or agents of THE SUFFOLK COUNTY POLICE DEPARTMENT AND/OR THE COUNTY OF SUFFOLK, with all the actual and/or apparent authority attendant thereto.

71. The acts complained of were carried out by the aforementioned DEFENDANTS in their capacity as police officers, and/or employees or agents pursuant to the customs, usages, practices, and the rules of THE COUNTY OF SUFFOLK AND THE SUFFOLK COUNTY POLICE DEPARTMENT, all under the supervision of ranking officers of said police department.

72. DEFENDANTS, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of their respective municipality or agency, which is forbidden by the Constitution of the United States.

73. DEFENDANTS were motivated by actual malice in their conduct before, during and after the incident alleged herein.

74. Prior to May 20, 2021, DEFENDANTS, COUNTY OF SUFFOLK AND SUFFOLK COUNTY POLICE DEPARTMENT, permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal abuses of persons by police officers. Despite the egregiously improper conduct, the officers involved were not seriously prosecuted, disciplined or subjected to restraint and such incidents were in fact covered up with official claims that the conduct was justified and proper. As a result, DEFENDANTS, SUFFOLK COUNTY POLICE DEPARTMENT, and its agents and employees, were caused and encouraged to believe that individuals could be harassed, falsely arrested, falsely imprisoned, assaulted, battered and otherwise harmed or killed under circumstances requiring the use of fabricated and falsified evidence and giving false testimony, and intentionally misleading reports, ignoring and misapplying rules and regulations, and that such behavior would, in fact be permitted by the COUNTY OF SUFFOLK.

75. In addition to permitting a pattern and practice of

improper treatment of persons, THE COUNTY OF SUFFOLK has failed to maintain a proper system for oversight of officers and supervisors and for investigation of all incidents of unjustified conduct by their agents and employees.

76. THE COUNTY OF SUFFOLK has failed to respond to the continuing and urgent need to prevent, restrain and discipline police officers that deprive citizens of their civil rights.

77. A system allegedly maintained by THE COUNTY OF SUFFOLK has failed to properly review unjustified behavior and activities by police officers, and has failed to identify the violative acts by police officers and to subject officers to discipline, closer supervision or restraint to the extent that it has become the custom of THE COUNTY OF SUFFOLK to tolerate the improper and illegal conduct of police officers.

78. Upon information and belief, specific systemic flaws in the COUNTY OF SUFFOLK's police misconduct review process include but are not limited to the following:

      a. Preparing reports regarding investigations of incidents as routine point-by-point justification of the police officers' actions regardless of whether such actions are justified;

      b. Police officers investigating incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on

14

reports by police officers involved in the incident;

c. Police officers investigating incidents fail to include in their reports relevant factual information that would tend to contradict the statements of the police officer involved;

d. Police officers failing to communicate, properly respond to the scene, and failing to provide the proper supervision at the scene of incidents;

e. Create and manufacture false testimony and evidence;

f. Overlook false and misleading statements made by police personnel.

79. The foregoing acts, omissions, systemic flaws, policies and customs of THE COUNTY OF SUFFOLK caused Suffolk County Police Officers to believe that improper actions would not be aggressively, honestly and properly investigated with the foreseeable result that officers are most likely to act inappropriately and falsify or conceal evidence. These failures continued and were part of an ongoing culture.

80. As a direct and proximate result of the aforesaid acts and/or omissions, DECEDENT was unjustifiably mistreated, illegally arrested and wrongfully detained, in violation of his civil and constitutional rights. Moreover, DECEDENT suffered

psychological harm, fear, terror, pain, suffering and death.

81. By reason of the foregoing, PLAINTIFF has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

### SIXTH CLAIM FOR RELIEF
### 42 USC 12131-12134, TITLE II OF THE
### AMERICAN WITH DISABILITIES ACT (ADA) AND
### § 504 OF THE REHABILITATION ACT

82. PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 81 of this Complaint with the same force and effect as though fully set forth herein.

83. DECEDENT, is a person with a disability as defined under 504 of the Rehabilitation Act and 42 USC § 12131-12134, Title II of the American with Disabilities Act (ADA).

84. DECEDENT was denied the benefits of the services, programs, or activities of DEFENDANTS, COUNTY OF SUFFOLK AND THE SUFFOLK COUNTY POLICE DEPARTMENT, and was subjected to discrimination by DEFENDANTS due to and on account of his disability.

85. DECEDENT was violently attacked, threatened, harmed, shot and denied medical treatment, deprived of his rights and other benefits, and otherwise denied the normal conditions to which he was entitled due to and on account of his disability.

86. DECEDENT was qualified to participate in or receive the benefit of all his rights and treatment as a person with disabilities, including but not limited to, being free from

16

harassment, not being abused and targeted due to his condition, not being denied medical care, not being deprived of his civil rights and benefits and not being subjected to improper and differential treatment because of his disability.

87. DEFENDANTS, COUNTY OF SUFFOLK AND THE SUFFOLK COUNTY POLICE DEPARTMENT, receive Federal financial assistance.

88. The assault, battery, false arrest, false imprisonment, use of excessive force and violation of the laws of the State of New York and DECEDENT's civil rights were brought about and caused by the actions of DEFENDANTS and the same were a clear and intentional abuse of process causing damages.

89. That by reason of the foregoing, DECEDENT was placed in fear of this life, suffered pain, shock, trauma, terror, fear of impending death and death.

90. By reason of the foregoing, PLAINTIFF has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## PENDENT STATE CLAIMS

91. PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 90, with the same force and effect as if fully set forth herein.

92. On or about August 18, 2021, and within ninety days after the accrual of the action, PLAINTIFF duly served upon, presented to and filed with DEFENDANT, THE COUNTY OF SUFFOLK a Notice of Claim setting forth all facts and information required under the

General Municipal Law of the State of New York.

93. DEFENDANT, COUNTY OF SUFFOLK, has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

94. DEFENDANT, COUNTY OF SUFFOLK, demanded a hearing pursuant to New York General Municipal Law §50-h, and said hearing was conducted on February 14, 2022.

95. This action was commenced within one (1) year and ninety days after the cause of action herein accrued.

96. PLAINTIFF has complied with all conditions precedent to maintaining the instant action.

97. This action falls within one or more exceptions as outlined in CPLR § 1602.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: ASSAULT

98. PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 97, as though fully set forth herein.

99. DEFENDANTS' aforementioned actions placed PLAINTIFF in fear and apprehension of imminent harmful and offensive bodily contact.

100. As a result of the aforesaid conduct by DEFENDANTS, and each of them, their police officers, agents, servants and/or employees, DECEDENT suffered physical pain and mental anguish,

together with shock, fright, apprehension, embarrassment and humiliation and fear of impending death.

101. By reason of the foregoing, PLAINTIFF has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: BATTERY

102. PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 101, as though fully set forth herein.

103. DEFENDANT police officers touched DECEDENT, JESSE J. BONSIGNORE, in a harmful and offensive manner.

104. DEFENDANT police officers did so without privilege or consent from DECEDENT.

105. As a result of the aforesaid conduct by DEFENDANTS, and each of them, their police officers, agents, servants and/or employees, DECEDENT, JESSE J. BONSIGNORE, suffered physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, humiliation and death.

106. As a result of the aforesaid conduct by DEFENDANTS, and each of them, their police officers, agents, servants and/or employees, DECEDENT suffered trauma, fear and severe emotional distress, including fear of impending death and death.

107. By reason of the foregoing, PLAINTIFF has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

**NINTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: FALSE ARREST**

108. PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 107 as though fully set forth herein.

109. On the date, time and location alleged, DEFENDANTS intentionally, falsely, unlawfully and wrongfully, with force and without DECEDENT's consent and against his will, assaulted, battered, falsely arrested and falsely imprisoned DECEDENT by detaining him in his car and elsewhere thus depriving him of his liberty for an unreasonable time.

110. By reason of the foregoing, DECEDENT was deprived of his Constitutional rights, was placed in fear of his life, suffered extreme emotional distress, physical harm, pain and suffering and loss of his life.

111. By reason of the foregoing, PLAINTIFF has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

**TENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: FALSE IMPRISONMENT**

112. PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 111, as if more fully set forth herein.

113. As a result of the foregoing, DECEDENT, JESSE J. BONSIGNORE, was confined against his will, falsely imprisoned with his liberty restricted for an extended period of time; he was put

in fear for his safety and his life and was humiliated.

114. PLAINTIFF was conscious of said confinement and did not consent to same.

115. The confinement of DECEDENT was without probable cause and was not otherwise privileged.

116. As a result of the aforementioned conduct, DECEDENT suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

117. By reason of the foregoing, PLAINTIFF has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## ELEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: ABUSE OF PROCESS

118. PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 117 as though fully set forth herein.

119. On the date, time and location alleged, DEFENDANTS intentionally, falsely, unlawfully and wrongfully, with force and without DECEDENT's consent and against his will, assaulted, battered, falsely arrested and falsely imprisoned DECEDENT by detaining him in his care and elsewhere thus depriving him of his liberty for an unreasonable time.

120. DEFENDANTS conduct was malicious, negligent, reckless, intentional and wrongful and were intended to cause DECEDENT injury and to harass DECEDENT and were clearly the improper exercise of police power, the resources of government as well as an abuse of

process.

121. By reason of the foregoing, DECEDENT was deprived of his Constitutional rights, was placed in fear of his life, suffered extreme emotional distress, physical harm, pain and suffering and loss of his life.

122. By reason of the foregoing, PLAINTIFF has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## TWELFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

123. PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 122, as though fully set forth herein.

124. The DEFENDANT, COUNTY OF SUFFOLK, through the purposeful actions of its police officers, agents, servants and/or employees, to wit, the aforementioned certain police officers, intentionally inflicted severe emotional distress upon DECEDENT, JESSE J. BONSIGNORE.

125. The aforementioned conduct was extreme and outrageous, and unjustified and exceeded all reasonable bounds of decency.

126. The aforementioned conduct was committed by DEFENDANTS while acting within the scope of their employment by the DEFENDANT, THE COUNTY OF SUFFOLK.

127. The aforementioned conduct was committed by DEFENDANTS while acting in furtherance of their employment by the DEFENDANT THE COUNTY OF SUFFOLK and/or THE SUFFOLK COUNTY POLICE DEPARTMENT.

128. The aforementioned conduct was intentional and done for the sole purpose of causing severe distress to DECEDENT.

129. As a result of the aforementioned conduct, DECEDENT suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, loss of freedom, fear of impending death and death.

130. By reason of the foregoing, PLAINTIFF has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## THIRTEENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW: NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

131. PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 130, as though fully set forth herein.

132. Upon information and belief, DEFENDANT, COUNTY OF SUFFOLK, selected, hired, trained, retained, assigned, supervised all members of its Police Department, including the DEFENDANTS individually named above.

133. DEFENDANT, COUNTY OF SUFFOLK, was negligent and careless when it selected, hired, retained, trained, assigned and supervised all members of its Police Department, including the DEFENDANTS individually named above.

134. DEFENDANT, SUFFOLK COUNTY POLICE DEPARTMENT, was negligent and careless when it selected, hired, retained, trained, assigned and supervised all members of its department, including the DEFENDANTS individually named above.

135. Due to the negligence of the DEFENDANTS as set forth above, PLAINTIFF suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, loss of freedom and loss of life.

136. By reason of the foregoing, PLAINTIFF has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

### FOURTEENTH CLAIM UNDER NEW YORK STATE LAW: NEGLIGENCE

137. PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 136 of this Complaint as if more fully set forth herein.

138. DEFENDANTS had a duty under 42 USC § 1983, under New York State Law and under their own rules and regulations to prevent and cease the wrongful seizure, arrest, detainment, imprisonment, harassment, assault, battery, use of excessive force and death of DECEDENT, as well as a duty to hire, train, investigate, supervise and discipline their agents and employees, including the individually names DEFENDANTS herein, including OFFICER JAMES SKIDMORE and JOHN DOES 1-5, and to prevent the wrongful acts that were committed against DECEDENT.

139. In actively inflicting and failing to prevent the above stated abuses incurred by the DECEDENT, all of the DEFENDANTS acted unreasonably, recklessly, negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of DECEDENT, which are guaranteed to

DECEDENT by 42 USC 1983 and by the Constitution.

140. The breach of duty was a direct and proximate cause of the harm suffered by the DECEDENT. Said harm includes, physical, mental, psychological and emotional harm, pain and suffering and death.

141. By reason of the foregoing, PLAINTIFF has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

**FIFTEENTH CLAIM- UNDER NEW YORK STATE LAW: WRONGFUL DEATH**

142. PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 141, as if more fully set forth herein.

143. Due to the conduct of the DEFENDANTS as set forth herein, including negligence, recklessness, malice, willful acts, failures to act, failures to timely treat, malpractice and malfeasance, DECEDENT suffered serious, severe psychic and bodily injury and was placed in great fear of death.

144. As a result of the above conduct of the DEFENDANTS, JESSE BONSIGNORE was caused to die.

145. As a result of the above conduct of the DEFENDANTS, PLAINTIFF has been deprived of financial and emotional support, guidance, companionship, love, affection, nurturing and other things as a child of the DECEDENT.

146. DECEDENT left surviving next of kin and a distributee; to wit, CARMELA BONSIGNORE.

147. As a consequence of the foregoing, DECEDENT's estate became liable for funeral expenses and other liabilities and costs.

148. As a consequence of the foregoing, PLAINTIFF suffered pecuniary injury.

149. The aforesaid injuries were caused solely by the conduct of the DEFENDANTS as alleged herein and the manner in which DEFENDANTS conducted themselves throughout their dealings with DECEDENT.

150. By reason of the foregoing, PLAINTIFF has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

### PRAYER FOR RELIEF

**WHEREFORE,** PLAINTIFF demands judgment against DEFENDANTS, and each of them, as follows:

> On the First cause of action in the sum of FIVE MILLION DOLLARS ($5,000,000.00);
>
> On the Second cause of action in the sum of FIVE MILLION DOLLARS ($5,000,000.00)
>
> On the Third cause of action in the sum of FIVE MILLION DOLLARS ($5,000,000.00);
>
> On the Fourth cause of action in the sum of FIVE MILLION DOLLARS ($5,000,000.00);
>
> On the Fifth cause of action in the sum of FIVE MILLION DOLLARS ($5,000,000.00);
>
> On the Sixth cause of action in the sum of FIVE MILLION DOLLARS ($5,000,000.00);
>
> On the Seventh cause of action in the sum of FIVE MILLION DOLLARS ($5,000,000.00);

On the Eighth cause of action in the sum of FIVE MILLION DOLLARS ($5,000,000.00);

On the Ninth cause of action in the sum of FIVE MILLION DOLLARS ($5,000,000.00);

On the Tenth cause of action in the sum of FIVE MILLION DOLLARS ($5,000,000.00);

On the Eleventh cause of action in the sum of FIVE MILLION DOLLARS ($5,000,000.00);

On the Twelfth cause of action in the sum of FIVE MILLION DOLLARS ($5,000,000.00);

On the Thirteenth cause of action in the sum of FIVE MILLION DOLLARS ($5,000,000.00);

On the Fourteenth cause of action in the sum of FIVE MILLION DOLLARS ($5,000,000.00);

On the Fifteenth cause of action in the sum of FIVE MILLION DOLLARS ($5,000,000.00).

TEN MILLION ($10,000,000.00) in punitive damages

Declaratory Judgment that DEFENDANTS willfully violated DECEDENT's rights secured by Federal and State Law as alleged herein;

Injunctive relief, requiring DEFENDANTS to correct all past violations of Federal and State Law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said Federal and State Laws as well as the creation of a Suffolk County Civilian Complaint Review Board to address the abuses by police on civilians;

Such other relief as this Court may deem appropriate, including Costs, Disbursements and Attorney Fees.

Dated: May 18, 2022

Yours, etc.

Louis A. Marano, Esq.
Gabriele Marano, LLP
100 Quentin Roosevelt Blvd.
Suite 100
Garden City, NY 11530