

**Attorneys and Counselors at Law**
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 •
www.brewingtonlaw.com

Frederick K. Brewington
Albert D. Manuel III
Cobia M. Powell

Of Counsel
Oscar Holt III
Jay D. Umans

January 15, 2025

<u>*VIA ELECTRONIC CASE FILING*</u>
Honorable Anne Y. Shields
United States Magistrate Judge
United States District Court
Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722

    Re: Bonsignore v County of Suffolk, et.al.
    Docket No.: 22-CV-02925(ENV)(AYS)

Dear Judge Shields,

  As the record reflects, we are co-counsel representing Plaintiff in the above referenced matter. We write the Court pursuant to Your Honor's Order of January 15, 2025 and the conference held regarding discovery.

  As of this writing, Plaintiff has deposed Officer James Skidmore, the individually named Defendant on May 30, 2024, Lieutenant Thomas Gozaloff on August 20, 2024 and Detective Kevin Rieppel on August 23, 2024. On September 3rd, Defendant counsel responded to Plaintiff's request for depositions of Detective Sergeant Richard Sereno and Erin Lepore. The email indicates that Plaintiff indicated that the offered deposition dates fell outside of the discovery schedule. (Exhibit A). On October 10, 2024. following a joint status letter and an extension to the discovery schedule, Plaintiff's counsel emailed Ms. Zwilling regarding post deposition demands In that correspondence Plaintiff counsel amended the Notice of Deposition by declining to depose Erin Lepore and requesting the depositions of Sergeant Eric Bowen (Skidmore's direct supervisor), Officer Scott Jensen (assisting officer and second on scene), Detective Sergeant Richard Sereno site supervisor), Roy Sineo of the Medical Examiner's Office and Dr. Odette Hall, Chief Medical Examiner. We request depositions of the Medical Examiner's office as there are questions, including but not limited to, the entry of the gunshot wounds, the trajectory, whether the bullets entered the front, rear or side of Mr. Bonsignore's body. Plaintiff also included document demands resulting from the previously taken depositions. (Exhibit B)

On October 15, 2024 regarding Plaintiff's document and deposition requests, Defendant counsel Arlene Zwilling responded stating

"We are in receipt of "Plaintiff's Post EBT Demand."

It is not a document demand. There are no "EBTs" in federal practice. The witnesses you request to depose are not parties to this case and therefore not currently represented by this office.

As a courtesy, we will endeavor to reach out to them to ask if they are willing to appear for depositions voluntarily." (Exhibit C pp.2-3)

Plaintiff counsel relied upon Ms. Zwilling seeking to determine whether the witnesses would voluntarily appear. However, during the holiday months of November and December, Plaintiff's counsel did not receive any contact from Defendants' counsel regarding this matter. Additionally, the undesigned was on trial the first week of December before Judge Azrack and engaged in a complex pre-motion summary judgment including oral argument and preparation of an additional motion before Judge Choudhury covering the second and third weeks of December. Plaintiff co-counsel was occupied keeping her practice functioning as she experienced a severe loss of staff and partners in her practice during that time period.

On January 6, 2025 the undersigned corresponded via email with Defendant counsel Zwilling regarding the lack of response to Plaintiff's deposition notice from October 10, 2024. We asked whether counsel would accept subpoenas as Defendants never produced the witnesses. (Exhibit D pp 3-4). On January 7, 2025 Defendant counsel Zwilling responded by apparently conflating this case with another case between Suffolk County and the undesigned's office by responding with several unnecessary, untrue and inflammatory inaccuracies and mischaracterizations. (Exhibit D p.3). On January 7, 2025 the undersigned responded to Defendant counsel in an attempt to clarify the parties position in preparation for filing the joint status letter by again asking whether Defendant counsel would accept subpoenas and whether Defendant counsel was going to pursue dispositive motion practice. (Exhibit D pp 1-2). Ms. Zwilling then responded by stating that Defendants are considering summary judgment, Defendants cannot accept subpoenas for non-party witnesses and then claiming that her statement of "endeavor" to reach out to witnesses was merely an offer which Plaintiff has not yet accepted. However, witness Roy Sineo would appear voluntarily.

On January 14, 2025 Defendant counsel Zwilling indicated that Roy Sineo would voluntarily appear and is available for deposition on February 13, 19, 20 or 26. Defendant counsel also informed that Dr. Hall would voluntarily appear, however, the parties await dates of availability. Plaintiff counsel acknowledged and agreed to the dates provided.

While Your Honor's Order does not request a time frame, there was discussion regarding the length of the extension during the conference. As discussed, adding an expert, conducting depositions and any follow up discovery, we request 90 days to complete all discovery, inclusive of

expert discovery.

      We thank the Court for its kind consideration in this matter.

Respectfully,

Albert D. Manuel III

cc: All Counsel by ECF
    ADM:dm