```
UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
CARMELA BONSIGNORE, Individually, and As
Administrator of the Estate of JESSIE J.
BONSIGNORE,
                              Plaintiff(s)
             - against -
COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE
DEPARTMENT, Police Officer JAMES SKIDMORE,
Individually and in his official capacity,
JOHN-DOES 1-5 Individually and in their official
capacity,
                              Defendant(s)
22-cv-02925(ENV)(AYS)
-----------------------------------------------x


                    DATE: August 22, 2023
                    TIME: 11:00 a.m.
```

EXAMINATION BEFORE TRIAL via Video Conference of the Plaintiff, CARMELA BONSIGNORE, taken by the Defendant pursuant to Article 31 of the Civil Practice Law and Rules of Testimony, and Order, held at the above-mentioned time and place before, a Stenotype Reporter and Notary Public of the State of New York.

```
 (1)
 (2)    A P P E A R A N C E S
 (3)
        GABRIELE MARANO, LLP
 (4)         Attorney for Plaintiff
             100 Quentin Roosevelt Boulevard, Suite 100
 (5)         Garden City, New York 11530
        BY:  LORI MARANO, ESQ.
 (6)    (516) 542-1000
 (7)
        DENNIS M. COHEN
 (8)         Suffolk County Attorney
             Attorneys for Defendant(s)
 (9)         COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE
             DEPARTMENT, and JAMES SKIDMORE
(10)         H. Lee Dennison Building
             100 Veterans Memorial Highway
(11)         P.O. Box 6100
             Hauppauge, New York 11788
(12)    BY:  ARLENE S. ZWILLING, ESQ.
(13)
(14)    Also Present:
(15)    ALBERT D. MANUEL, ESQ.
        Law Offices of Frederick K. Brewington
(16)
(17)
(18)
(19)
(20)
(21)
(22)
(23)
(24)
(25)
```

```
 (1)
 (2)                    S T I P U L A T I O N S
 (3)
 (4)         IT IS HEREBY STIPULATED AND AGREED by and
 (5)    Between counsel for all parties present that this
 (6)    deposition is being conducted by Videoconference,
 (7)    that the Court Reporter, all counsel, and the
 (8)    witness are  all in separate remote locations and
 (9)    participating via Videoconference
(10)    (LegalView/Zoom/WebEx) meeting  under the control
(11)    of Lexitas Court Reporting Service,  that the
(12)    officer administering the oath to the witness need
(13)    witness shall be sworn in remotely by the Court
(14)    Reporter after confirming the witness's identity,
(15)    that this Videoconference will not be recorded in
(16)    any manner, and that any recording without the
(17)    express written consent of all parties shall be
(18)    considered unauthorized, in violation of law, and
(19)    shall not be used for any purpose in this
(20)    litigation or otherwise.
(21)
(22)         IT IS FURTHER STIPULATED that exhibits
(23)    may be marked by the attorney presenting the
(24)    exhibit to the witness, and that a copy of any
(25)    exhibit presented to a witness shall be e-mailed
```

(1)
(2) to or otherwise in possession of all counsel prior
(3) to any questioning of a witness regarding the
(4) exhibit in question. All parties shall bear their
(5) own costs in the conduct of this deposition by
(6) Videoconference.
(7)
(8)
(9) * * * * * * *
(10)
(11)
(12)
(13)
(14)
(15)
(16)
(17)
(18)
(19)
(20)
(21)
(22)
(23)
(24)
(25)

(1) Carmela Bonsignore

(2) Q. Since we last met has anyone contacted
(3) you and claimed that they were a child of your
(4) father's?
(5) A. No.
(6) Q. Was your father disabled at the time of
(7) his passing?
(8) A. What do you mean by disabled?
(9) Q. Was your father disabled at any time?
(10) A. I don't think so.
(11) Q. Was he hospitalized at any time in his
(12) life for mental health treatment?
(13) A. Yes.
(14) Q. Where was he hospitalized?
(15) A. I don't know.
(16) Q. Did you ever visit him while he was in
(17) the hospital for mental health treatment?
(18) A. Yes.
(19) Q. What hospital or hospitals did you
(20) visit him at?
(21) A. I don't know.
(22) Q. Did you visit him at more than one
(23) hospital?
(24) A. I think so, I am not sure.
(25) Q. Can you tell us the name of any

(1)                   Carmela Bonsignore

(2)     **A.**     **I don't know who would know that.**

(3)     Q.     Would your grandparents have that

(4) information, to your knowledge?

(5)     **A.**     **Maybe.**

(6)     Q.     Was your father receiving public

(7) assistance at the time of his passing?

(8)     **A.**     **I am not sure.**

(9)     Q.     Other than your attorneys has anyone

(10) asked, and me, has anyone asked you questions about

(11) your father's passing?

(12)                 **MR. MANUEL: Objection.**

(13)                 **MS. ZWILLING: I will withdraw the**

(14)                 **question.**

(15)     Q.     Other than your attorneys and me, has

(16) anyone interviewed you about the circumstances of

(17) your father's passing?

(18)                 **MR. MANUEL: Objection. You can**

(19)                 **answer.**

(20)     **A.**     **I don't think so.**

(21)     Q.     Do you know if your father was ever

(22) diagnosed as having any particular mental health

(23) condition?

(24)     **A.**     **Yes.**

(25)     Q.     What do you know about that?

(1) Carmela Bonsignore
(2) Q. When was the last time that you can
(3) recall seeing your father?
(4) A. I don't know.
(5) Q. For how long have you lived in Oneonta?
(6) A. A few years.
(7) Q. More than three years?
(8) A. Yes.
(9) Q. When did you start attending school
(10) there?
(11) A. 2018.
(12) Q. Did you live there before you began
(13) attending school there?
(14) A. No.
(15) Q. Did your father ever visit you in
(16) Oneonta?
(17) A. No.
(18) Q. Have you ever called the Suffolk County
(19) Police Department for assistance?
(20) A. What is the question?
(21) Q. Have you ever called the Suffolk County
(22) Police Department for assistance?
(23) A. I don't think so.
(24) Q. I have no further questions, thank you.
(25) (Time noted 11:48 a.m.)

(1) Carmela Bonsignore
(2) D E C L A R A T I O N
(3)
(4) I hereby certify that having been
(5) first duly sworn to testify to the truth, I
(6) gave the above testimony.
(7)
(8) I FURTHER CERTIFY that the foregoing
(9) transcript is a true and correct transcript
(10) of the testimony given by me at the time and
(11) place specified hereinbefore.
(12)
(13) _____
(14) Carmela Bonsignore
(15)
(16) Subscribed and sworn to
(17) before me on this ____ day
(18) of _____, 2023.
(19)
(20)
(21) _____.
(22) Notary Public
(23)
(24)
(25)

```
(1)              Carmela Bonsignore
(2)                     INDEX.
(3)    EXAMINATION BY                    PAGE      LINE
(4)      MS. ZWILLING                     5         9
(5)
(6)    EXHIBITS                          PAGE      LINE
(7)    (None)
(8)
(9)
(10)
(11)
(12)
(13)
(14)
(15)
(16)
(17)
(18)
(19)
(20)
(21)
(22)
(23)
(24)
(25)
```

```
 (1)                Carmela Bonsignore
 (2)           DOCUMENT/INFORMATION INDEX
 (3)    REQUESTS                          PAGE      LINE
 (4)    Copies of all papers              12        11
 (5)    submitted to the Surrogate's
 (6)    Court since limited letters
 (7)    were issued
 (8)    Executed releases for the         18        6
 (9)    decedent's mental health
(10)    hospitalization records
(11)    A copy of all funeral bills       20        8
(12)    Executed release for the          22        2
(13)    decedent's records from
(14)    Social Security, SSDI,
(15)    Medicare and Medicaid
(16)    Release for the records of        29        9
(17)    Ms. Cavedine and Ms. Laurie
(18)
(19)    INSERTS                           PAGE      LINE
(20)    (None)
(21)
(22)    RULINGS                           PAGE      LINE
(23)    (None)
(24)
(25)
```

(1) Carmela Bonsignore

(2) CERTIFICATION

(3)

(4) I, DINA DADUSH, a notary public in and

(5) for the State of New York, do hereby certify:

(6) THAT the witness whose testimony is

(7) hereinbefore set forth, was duly sworn by me; and

(8) THAT the foregoing transcript is a true

(9) record of the testimony given by said witness at

(10) the time and place specified hereinbefore.

(11) I FURTHER CERTIFY that I am not a relative or

(12) employee or attorney or counsel of any of the

(13) parties, nor financially interested directly or

(14) indirectly in this action.

(15) IN WITNESS WHEREOF, I have hereunto set my

(16) hand and seal of office at this 30th day of

(17) August, 2023.

(18)

(19) *[signature]*

(20) ------------------------

(21) DINA DADUSH

(22)

(23)

(24)

(25)