



# Use of Force

## 300.1 PURPOSE AND SCOPE

This policy provides guidelines on the reasonable use of force. While there is no way to specify the exact amount or type of reasonable force to be applied in any situation, every member of this Department is expected to use these guidelines to make such decisions in a professional, impartial and reasonable manner (Executive Law § 840).

In addition to those methods, techniques, and tools set forth below, the guidelines for the reasonable application of force contained in this policy shall apply to all policies addressing the potential use of force, including but not limited to the Control Devices and Conducted Energy Device policies.

### 300.1.1 DEFINITIONS

Definitions related to this policy include:

**Force** - The application of physical techniques or tactics, chemical agents or weapons to another person. It is not a use of force when a person allows him/herself to be searched, escorted, handcuffed or restrained.

**Deadly Physical Force** - Physical force which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury.

**Serious Physical Injury** - Physical injury which creates a substantial risk of death, which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ.

**Feasible** - Reasonably capable of being done or carried out under the circumstances to successfully achieve the arrest or lawful objective without increasing risk to the officer or another person.

**Imminent** - Ready to take place; impending. Note that imminent does not mean immediate or instantaneous.

**Totality of the circumstances** - All facts and circumstances known to the officer at the time, taken as a whole, including the conduct of the officer and the subject leading up to the use of force.

## 300.2 POLICY

The use of force by law enforcement personnel is a matter of critical concern, both to the public and to the law enforcement community. Officers are involved on a daily basis in numerous and varied interactions and, when warranted, may use reasonable force in carrying out their duties.

Officers must have an understanding of, and true appreciation for, their authority and limitations. This is especially true with respect to overcoming resistance while engaged in the performance of law enforcement duties.

CERTIFIED
Police Department
County of Suffolk, NY

Copyright Lexipol, LLC 2021/05/11, All Rights Reserved.
Published with permission by Suffolk County Police Department



Att # 20-1

The Suffolk County Police Department recognizes and respects the value of all human life and dignity without prejudice to anyone. Vesting officers with the authority to use reasonable force and to protect the public welfare requires monitoring, evaluation, and a careful balancing of all interests.

### 300.2.1 DUTY TO INTERCEDE AND REPORT

When an officer observes law enforcement personnel using force, he/she should take into account the totality of the circumstances including the possibility that the other law enforcement officer(s) may have additional information regarding the threat posed by the subject.

However, an officer present and observing another law enforcement officer or a member using force that is clearly beyond that which is objectively reasonable under the circumstances shall, when in a position to do so, intercede to prevent the use of unreasonable force and report these observations to a supervisor as soon as feasible. Observations of excessive force shall also be reported to the New York State Attorney General's Law Enforcement Misconduct Investigative Office in accordance with the Law Enforcement Misconduct Office section of the Personnel Investigations and Complaints Policy (Executive Law § 75).

## 300.3 USE OF FORCE

Officers shall use only that amount of force that reasonably appears necessary given the facts and circumstances perceived by the officer at the time of the event to accomplish a legitimate law enforcement purpose.

The reasonableness of force will be judged from the perspective of a reasonable officer on the scene at the time of the incident. Any evaluation of reasonableness must allow for the fact that officers are often forced to make split-second decisions about the amount of force that reasonably appears necessary in a particular situation, with limited information and in circumstances that are tense, uncertain and rapidly evolving.

Given that no policy can realistically predict every possible situation an officer might encounter, officers are entrusted to use well-reasoned discretion in determining the appropriate use of force in each incident.

It is also recognized that circumstances may arise in which officers reasonably believe that it would be impractical or ineffective to use any of the tools, weapons or methods provided by this Department. Officers may find it more effective or reasonable to improvise their response to rapidly unfolding conditions that they are confronting. In such circumstances, the use of any improvised device or method must nonetheless be reasonable and utilized only to the degree that reasonably appears necessary to accomplish a legitimate law enforcement purpose.

While the ultimate objective of every law enforcement encounter is to avoid or minimize injury, nothing in this policy requires an officer to retreat or be exposed to possible physical injury before applying reasonable force.

Copyright Lexipol, LLC 2021/05/11, All Rights Reserved.
Published with permission by Suffolk County Police Department





### 300.3.1 ALTERNATIVE TACTICS - DE-ESCALATION

When circumstances reasonably permit, officers should use non-violent strategies and techniques to decrease the intensity of a situation, improve decision-making, improve communication, reduce the need for force, and increase voluntary compliance (e.g., summoning additional resources, formulating a plan, attempting verbal persuasion).

### 300.3.2 USE OF FORCE TO EFFECT AN ARREST

A police officer may use reasonable physical force to effect an arrest, prevent escape of a person from custody, or in defense of self or others from imminent physical force (Penal Law § 35.30).

Force shall not be used by an officer to (Executive Law § 840):

(a) Extract an item from the anus or vagina of a subject without a warrant, except where exigent circumstances are present.

(b) Coerce a confession from a subject in custody.

(c) Obtain blood, saliva, urine or other bodily fluid or cells from an individual for scientific testing in lieu of a court order where required.

### 300.3.3 FACTORS USED TO DETERMINE THE REASONABLENESS OF FORCE

When determining whether to apply force and evaluating whether an officer has used reasonable force, a number of factors should be taken into consideration, as time and circumstances permit. These factors include but are not limited to:

(a) Immediacy and severity of the threat to officers or others.

(b) The conduct of the individual being confronted, as reasonably perceived by the officer at the time.

(c) Officer/subject factors (e.g., age, size, relative strength, skill level, injuries sustained, level of exhaustion or fatigue, the number of officers available vs. subjects).

(d) The effects of suspected drug or alcohol use.

(e) The individual's mental state or capacity.

(f) The individual's ability to understand and comply with officer commands.

(g) Proximity of weapons or dangerous improvised devices.

(h) The degree to which the individual has been effectively restrained and his/her ability to resist despite being restrained.

(i) The availability of other reasonable and feasible options and their possible effectiveness.

(j) Seriousness of the suspected offense or reason for contact with the individual.

(k) Training and experience of the officer.

(l) Potential for injury to officers, suspects, and others.

(m) Whether the individual appears to be resisting, attempting to evade arrest by flight, or is attacking the officer.




Copyright Lexipol, LLC 2021/05/11, All Rights Reserved.
Published with permission by Suffolk County Police Department

(n) The risk and reasonably foreseeable consequences of escape.

(o) The apparent need for immediate control of the individual or a prompt resolution of the situation.

(p) Whether the conduct of the individual being confronted no longer reasonably appears to pose an imminent threat to the officer or others.

(q) Prior contacts with the individual or awareness of any propensity for violence.

(r) Any other exigent circumstances.

#### 300.3.4 PHYSICAL COMPLIANCE/MANIPULATION TECHNIQUES

Physical compliance/manipulation techniques may be effective in controlling a physically or actively resisting individual. Officers may only apply those physical compliance/manipulation techniques for which they have successfully completed Department-approved training. Officers utilizing any physical compliance/manipulation technique should consider:

(a) The degree to which the application of the technique may be controlled given the level of resistance.

(b) Whether the individual can comply with the direction or orders of the officer.

(c) Whether the individual has been given sufficient opportunity to comply.

The application of any pain compliance technique shall be discontinued once the officer determines that compliance has been achieved.

Physical compliance/manipulation techniques shall not be used on a person who is passively resisting unless specific authorization has been given by a deputy chief or above.

#### 300.3.5 USE OF FORCE TO SEIZE EVIDENCE

In general, officers may use reasonable force to lawfully seize evidence and to prevent the destruction of evidence. However, officers are discouraged from using force solely to prevent a person from swallowing evidence or contraband.

### 300.4 DEADLY PHYSICAL FORCE APPLICATIONS

When reasonable, the officer shall, prior to the use of deadly force, make efforts to identify him/herself as a police officer and to warn that deadly force may be used, unless the officer has objectively reasonable grounds to believe the person is aware of those facts.

Use of deadly force is justified in the following circumstances involving imminent threat or imminent risk:

(a) An officer may use deadly force to protect him/herself or others from what he/she reasonably believes is an imminent threat of death or serious physical injury.

(b) An officer may use deadly force to stop a fleeing subject when the officer has probable cause to believe that the individual has committed, or intends to commit, a felony involving the infliction or threatened infliction of serious physical injury or death, and the officer reasonably believes that there is an imminent risk of serious physical injury or death to any other person if the individual is not immediately apprehended. Under




Copyright Lexipol, LLC 2021/05/11, All Rights Reserved.
Published with permission by Suffolk County Police Department



20-4

such circumstances, a verbal warning should precede the use of deadly force, where feasible.

Imminent does not mean immediate or instantaneous. An imminent danger may exist even if the suspect is not at that very moment pointing a weapon at someone. For example, an imminent danger may exist if an officer reasonably believes that the individual has a weapon or is attempting to access one and intends to use it against the officer or another person. An imminent danger may also exist if the individual is capable of causing serious bodily injury or death without a weapon, and the officer believes the individual intends to do so.

### 300.4.1 SHOOTING AT MOVING VEHICLES

Due to the heightened risk of injury to members of the public and officers, shots fired at a moving vehicle are generally prohibited. Officers should move out of the path of an approaching vehicle instead of discharging their firearm at the vehicle or any of its occupants. An officer should only discharge a firearm at a moving vehicle or its occupants if deadly force other than the vehicle is directed at the officer or others or when the officer reasonably believes there are no other reasonable means available to avert the imminent threat of the vehicle (e.g., a vehicle that is being used intentionally and deliberately to attempt to strike people).

Officers should not shoot at any part of a vehicle in an attempt to disable the vehicle with the exception of Emergency Service Section sniper officers who are trained in appropriate techniques and equipped with specialized weapons for this purpose.

### 300.4.2 CHOKEHOLDS AND SIMILAR RESTRAINTS

(a) Any application of pressure to the throat, windpipe, neck, or blocking the mouth or nose of a person in a manner that may hinder breathing or reduce intake of air is prohibited unless deadly physical force is authorized (Exec. Law § 840).

(b) Any individual who has had such pressure or blocking applied, regardless of whether he/she was rendered unconscious, shall be promptly examined by medical personnel and monitored until such examination. Treating medical personnel shall be advised that the individual has been subjected to such pressure or blocking and whether the individual lost consciousness as a result.

(c) Any officer attempting or applying such pressure or blocking shall promptly notify a supervisor of the use or attempted use of such hold.

## 300.5 REPORTING THE USE OF FORCE

Except in cases that will be investigated by the Homicide Section, any use of force by a member of this Department shall be documented promptly, completely and accurately on the Use of Force Report (PDCS-1040), depending on the nature of the incident. The officer should articulate the factors perceived and why he/she believed the use of force was reasonable under the circumstances. To collect data for purposes of training, resource allocation, analysis and related purposes, the Department may require the completion of additional report forms, as specified in Department policy, procedure or law. (Executive Law § 840)

See procedure for further guidance: OFFICER REPORTING RESPONSIBILITIES

Copyright Lexipol, LLC 2021/05/11, All Rights Reserved.
Published with permission by Suffolk County Police Department



See procedure for further guidance: REPORTING OF USE OF FORCE INVESTIGATIONS CONDUCTED BY THE HOMICIDE SECTION

### 300.5.1 NOTIFICATIONS TO SUPERVISORS

Supervisory notification shall be made as soon as practicable following the application of force in any of the following circumstances:

(a) The application caused a visible injury.

(b) The application would lead a reasonable officer to conclude that the individual may have experienced more than momentary discomfort.

(c) The individual subjected to the force complained of injury or continuing pain.

(d) The individual indicates intent to pursue any complaint.

(e) Any application or brandishing (pointing in the direction of a person or persons) of the conducted energy device or control device, including but not limited to an electronic stun gun, flash bomb or long range acoustic device.

(f) A chemical agent was used/deployed (operated in a manner capable of causing physical injury) or displayed (pointed at a person or persons).

(g) The application of a chokehold or similar restraint (see the Chokeholds and Similar Restraints section of this policy).

(h) Any application of a restraint device other than handcuffs, shackles, or belly chains.

(i) The individual subjected to the force was rendered unconscious.

(j) An individual was struck or kicked, including with an impact weapon.

(k) An impact weapon was brandished (pointed at a person or persons).

(l) A firearm was brandished (pointed at a person or persons).

(m) An individual alleges unreasonable force was used or that any of the above has occurred.

## 300.6 MEDICAL CONSIDERATIONS

Once it is reasonably safe to do so, medical assistance shall be obtained for any person who exhibits signs of physical distress, has sustained visible injury, expresses a complaint of injury or continuing pain, or was rendered unconscious. Any individual exhibiting signs of physical distress after an encounter should be continuously monitored until he/she can be medically assessed. Individuals should not be placed on their stomachs for an extended period, as this could impair their ability to breathe.

Based upon the officer's initial assessment of the nature and extent of the individual's injuries, medical assistance may consist of examination by an emergency medical services provider or medical personnel at a hospital. If any such individual refuses medical attention, such a refusal shall be fully documented in related reports and, whenever practicable, should be witnessed by

Copyright Lexipol, LLC 2021/05/11, All Rights Reserved.
Published with permission by Suffolk County Police Department



another officer and/or medical personnel. If a recording is made of the contact or an interview with the individual, any refusal should be included in the recording, if possible.

The on-scene supervisor or, if the on-scene supervisor is not available, the primary handling officer shall ensure that any person providing medical care or receiving custody of a person following any use of force is informed that the person was subjected to force. This notification shall include a description of the force used and any other circumstances the officer reasonably believes would be potential safety or medical risks to the subject (e.g., prolonged struggle, extreme agitation, impaired respiration).

Individuals who exhibit extreme agitation, violent irrational behavior accompanied by profuse sweating, extraordinary strength beyond their physical characteristics, and imperviousness to pain (sometimes called "excited delirium"), or who require a protracted physical encounter with multiple officers to be brought under control, may be at an increased risk of sudden death. Calls involving these persons should be considered medical emergencies. Officers who reasonably suspect a medical emergency should request medical assistance as soon as practicable and have medical personnel stage away.

See the Medical Aid and Response Policy for additional guidelines.

### 300.6.1 ADDITIONAL STATE REQUIREMENTS

An officer should take steps to obtain medical attention for a person who reasonably appears to be mentally ill and is behaving in a manner that is likely to result in serious harm to the person or to others (Mental Hygiene Law § 9.41, Civil Rights Law § 28).

Officers should document requests for medical or mental health treatment as well as efforts to arrange for such treatment.

See the Crisis Intervention Incidents and Medical Aid and Response policies for more information.

## 300.7 SUPERVISOR RESPONSIBILITIES

When a supervisor is notified of an incident in which there has been a reported application of force, whether or not he/she responds to the scene, the supervisor shall ensure completion of the following:

(a) Obtain the basic facts from the involved officers. Absent an allegation of misconduct or excessive force, this will be considered a routine contact in the normal course of duties.

(b) Ensure that any injured parties are examined and treated.

(c) When possible, and when it will not compromise an ongoing investigation, obtain a written statement from the individual upon whom force was applied. If an investigative command will interview and/or obtain a statement from a defendant, obtaining a statement in connection with a use of force investigation should be delayed until the interview/statement has been completed. If this interview is conducted without the individual having voluntarily waived his/her *Miranda* rights, the following shall apply:

Copyright Lexipol, LLC 2021/05/11, All Rights Reserved.
Published with permission by Suffolk County Police Department



1. The content of the interview should not be summarized or included in any related criminal charges.
2. The fact that a statement was obtained should be documented in the appropriate report.
3. The written statement should be distinctly marked for retention until all potential for civil litigation has expired.

(d) Once any initial medical assessment has been completed or first aid has been rendered, ensure that photographs have been taken of any areas involving visible injury or complaint of pain, as well as overall photographs of uninjured areas.

1. These photographs should be retained until all potential for civil litigation has expired.

(e) Consider the following as deemed appropriate:

1. Conduct a canvass to locate and identify any witnesses not already included in related reports.
2. Conduct a canvass of the incident location for video evidence.
3. Notify the Detective Division.
4. Notify the Internal Affairs Bureau (IAB) in cases resulting in serious physical injury. When the incident occurs during non-working hours of the IAB, the supervisor will contact the Communications Section supervisor. The Communications Section supervisor will notify the Commanding Officer of IAB or his/her designee.
5. Initiate an administrative investigation if there is a question of policy noncompliance.

(f) Review and approve all related reports.

(g) Except in cases that will be investigated by the Homicide Section, complete an online Use of Force Report.

The investigating supervisor shall ensure that enough information is entered into the on-line use of force program with enough information to meet the use of force reporting requirements for the DCJS (Executive Law § 837-t). This shall include age, ethnicity, race and gender of both the reporting officer and the involved subject. Ethnicity shall be reported as Hispanic or non-Hispanic; race shall be reported as American Indian/Alaskan Native, Asian, black, native Hawaiian/Pacific Islander, unknown/not reported or white. The information shall also include whether the officer or subject sustained serious bodily injury (serious physical injury) or death.

See procedure for further guidance: SUPERVISOR ONLINE REPORTING

See procedure for further guidance: PHOTOGRAPHS OF SUBJECTS

### 300.7.1 COMMANDING OFFICER RESPONSIBILITY

The Commanding Officer shall review each use of force by any personnel within his/her command to ensure compliance with this policy and to address any training issues.

Copyright Lexipol, LLC 2021/05/11, All Rights Reserved.
Published with permission by Suffolk County Police Department



The Commanding Officer should ensure that the Internal Affairs Bureau is provided with enough information to meet the use of force reporting requirements for the DCJS (Executive Law § 837-t; 9 NYCRR 6058.3).

300.7.2 INTERNAL AFFAIRS BUREAU RESPONSIBILITIES

Except in cases investigated by the Homicide Section, the Internal Affairs Bureau shall ensure that reports are submitted to the DCJS when an officer (Executive Law § 837-t; 9 NYCRR 6058.3):

(a) Brandishes, uses, or discharges a firearm at or in the direction of another person.

(b) Uses a carotid control hold or similar restraint that applies pressure to the throat or windpipe of a person in a manner that is reasonably likely to hinder breathing or reduce intake of air.

(c) Displays, uses, or deploys a chemical agent or control device, including but not limited to oleoresin capsicum (OC), pepper projectiles, tear gas, batons, or kinetic energy projectiles (see the Control Devices Policy).

(d) Brandishes, uses, or deploys an impact weapon.

(e) Brandishes, uses, or deploys an electronic control weapon, including an electronic stun gun, flash bomb, or long-range acoustic device (see the Conducted Energy Device Policy).

(f) Engages in conduct which results in the death or serious bodily injury of another person.

The Homicide Section will be responsible for reporting the use of force to DCJS in cases that it investigates.

300.7.3 DISCIPLINE

Officers who violate this policy shall be disciplined consistent with any applicable disciplinary guidelines and collective bargaining agreements.

### 300.8 TRAINING

Officers will receive periodic training on this policy and demonstrate their knowledge and understanding.

Subject to available resources, officers should receive periodic training on:

(a) Guidelines regarding vulnerable populations, including but not limited to children, elderly, pregnant persons, and individuals with physical, mental, or intellectual disabilities.

(b) De-escalation tactics, including alternatives to force.

(c) Applications of use of force and conflict strategies as required by the state Use of Force Model Policy (Executive Law § 840).

Copyright Lexipol, LLC 2021/05/11, All Rights Reserved.
Published with permission by Suffolk County Police Department





## 300.9 POLICY AVAILABILITY

This policy shall be readily available to the public upon request and shall be posted on the Department website (Executive Law § 840).

## 300.10 USE OF FORCE ANALYSIS

At least annually, the Internal Affairs Bureau should prepare an analysis report on use of force incidents. The report should be submitted to the Police Commissioner. The report should not contain the names of officers, suspects, or case numbers, and should include:

(a) The identification of any trends in the use of force by members.

(b) Training needs recommendations.

(c) Equipment needs recommendations.

(d) Policy revision recommendations.

## 300.11 FORMS

Forms related to this policy include:

Use of Force Report (PDCS-1040j)

Copyright Lexipol, LLC 2021/05/11, All Rights Reserved.
Published with permission by Suffolk County Police Department



